CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

# In the
# United States Court of Appeals
# For the Seventh Circuit

No. 15-2492

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

*v.*

LAWRENCE MCCARROLL,

        *Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 95 CR 48-1 — **John J. Tharp, Jr.**, *Judge.*

_____

ARGUED JANUARY 27, 2016 — DECIDED FEBRUARY 3, 2016

_____

Before POSNER, KANNE, and HAMILTON, *Circuit Judges*.

PER CURIAM. Lawrence McCarroll moved under 18 U.S.C. § 3582(c)(2) for a reduced sentence based on Amendments 782 and 788 to the sentencing guidelines, which retroactively lowered by 2 the base offense level for his drug crimes. The district court denied his motion because, despite the 2-level reduction, McCarroll's guidelines imprisonment range remains unchanged and he is therefore ineligible for relief. McCarroll challenges that decision, which we affirm.

By the age of 20, McCarroll was running an extensive conspiracy in which he and multiple codefendants purchased high-purity heroin, then diluted and sold it in McCarroll's southside housing project. *United States v. Jarrett*, 133 F.3d 519, 524 (7th Cir. 1998). The conspirators were arrested after a federal investigation, and a jury found McCarroll guilty of multiple drug-related crimes. At McCarroll's sentencing in 1996, the district court found him responsible for distributing over 75 kilograms of heroin, giving him a base offense level of 38, and applied a 4-level increase for his leadership role, resulting in a total offense level of 42. Combined with a criminal history category of III, McCarroll's total offense level yielded a guidelines range of 360 months to life, and the court sentenced him to 396 months' imprisonment. We affirmed his convictions and sentence. *Id*.

In his motion for a reduced sentence, McCarroll acknowledged that his guidelines imprisonment range remained 360 months to life. He asserted, though, that the 2-level decrease in his total offense level (from 42 to 40) authorized the district court to lower his prison sentence to 360 months. The court denied McCarroll's motion with the explanation that U.S.S.G. § 1B1.10 (as well as this court's precedents) makes clear that a defendant is ineligible for a sentence reduction if a retroactive amendment does not lower the defendant's guidelines range.

Section 3582(c)(2) of Title 18 allows for a reduction in the sentence "of a defendant who has been sentenced to a term of imprisonment based on a *sentencing range* that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). Section 1B1.10(a)(2)(B) of the guidelines emphasizes that a reduced term of imprisonment is *not* authorized by § 3582(c)(2)

No. 15-2492 3

if "[a]n amendment … does not have the effect of lowering the defendant's *applicable guideline range*." U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added). The Supreme Court has explained that § 1B1.10(a)(2)(B) is binding and that § 3582(c)(2) does not authorize a full resentencing. *Dillon v. United States*, 560 U.S. 817, 825–26 (2010).

McCarroll attempts to avoid the limitation on relief available under § 3582(c)(2) by asserting that a "'sentencing range' and 'guideline range' are not necessarily the same." Because the "guidelines range" is calculated using a specific total offense level and criminal-history category, he posits, his "sentencing range" is lower due to the 2-level decrease in *offense* level under Amendment 782. McCarroll cites no authority supporting this contention, but instead urges us to look to the purpose of Amendment 782—reducing the prison population—and hold that a rule making ineligible any defendant whose guidelines range remains unchanged would violate that purpose by making relief unavailable for thousands of prisoners.

McCarroll's argument is frivolous. There is no support for his assertion that the terms "sentencing range" and "guideline range" mean different things. The limitation on relief under § 3582(c)(2) and § 1B1.10 is unambiguous; defendants are not eligible for a reduced sentence unless their sentencing range has been lowered. And as we have explained: "The 'sentencing range' that must have been changed to permit relief under § 3582(c)(2) is not the base offense level or any other intermediate step in the guideline calculation, but the bottom-line, final range that was the basis for the sentence. Relief is not available if a retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline

4             No. 15-2492

range.'" *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015) (quoting U.S.S.G. § 1B1.10(a)(2)(B)); *accord United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010) (concluding that defendant was ineligible for reduction under § 3582(c)(2) where retroactive amendment lowered total offense level but imprisonment range remained 360 months to life). McCarroll has neither cited contrary authority nor presented a cogent argument for overruling our precedent.

                                                                         AFFIRMED.

Case: 1:95-cr-00048 Document #: 728 Filed: 02/25/16 Page 4 of 4 PageID #:555
Case: 15-2492    Document: 00712707920    Filed: 02/25/2016    Pages: 4